ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Ste. 1800
Phoenix, Arizona 85004 4408
Telephone (602) 514 7500
Christine.Keller@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>            Plaintiff,<br><br>vs.<br><br>Brandon Curley,<br><br>            Defendant. | CR-18-08132-PCT-DJH<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE REPORT** |

The United States of America, by and through undersigned counsel, hereby responds to Defendant's Objections to the Draft Presentence Report ("draft PSR") [Dkt. #25]. The government's response incorporates by reference all matters of record.

**RESPONSE TO OBJECTIONS**

Defendant argues that he is not a career offender because the conviction contained in paragraph 27 does not qualify as a crime of violence. In support of his argument, Defendant cites to the Sixth Circuit's opinion in *United States v. Rede-Mendez*, 680 F.3d 552, 558-560 (6th Cir. 2012), which held that NMSA § 30-3-2(A) is not categorically a crime of violence first because the New Mexico definition is broader than the Model Penal Code definition, and second because the judicially noticeable documents do not elucidate whether Defendant was convicted of using or threatening physical force.

As it relates to the first point, the government has conceded that the New Mexico statute is not categorically a crime of violence under the "enumerated-offense" prong of U.S.S.G. §2L1.2, as its definition is broader than the generic definition of aggravated assault. *See, e.g.*, *Rede-Mendez*, 680 F.3d at 557; *United States v. Maldonado-Palma*, 539 F.3d 1244, 1248 (10th Cir. 2016). As such, the court must apply the "elements" prong to determine whether the elements of the offense themselves "required proof of the use, threatened use, or attempted use of physical force." *Id.* The defense argues that the subject statute does not satisfy the elements prong because the crime may be committed by virtual of an "unlawful assault," and NMSA § 30-3-1 defines assault as including "the use of insulting language toward another impugning his honor, delicacy or reputation."

As correctly noted by the defense, there is no binding Ninth Circuit addressing whether the New Mexico statute is categorically a crime of violence under the elements prong. The various circuit courts to decide the matter have come to different conclusions. *See Rede-Mendez*, 680 F.3d at 557-558 (holding that NMSA § 30-3-2(A) is not categorically a crime of violence); *Maldonado-Palma*, 539 F.3d at 1250 (holding that NMSA § 30-3-2(A) is categorically a crime of violence) and *United States v. Carrasco-Tercero*, 745 F.3d 192, 199 (5th Cir. 2014) (same). The courts appear to reach different holdings because the Tenth and Sixth Circuits required the defendants to show that there was a "realistic probability, not a theoretical possibility, that the state would apply its statute to [the instant conduct," which would require the defendants to provide at least once case in which the statute was applied as suggested by the defense. *Id.* at 198, *citing Moncrieffe v. Holder*, 133 S.C.T. 1678, 1864-1685 (2013). The Ninth Circuit has recognized this Supreme Court holding in making determinations under the categorical approach, but instead stating that the realistic probability <u>can</u> be established by providing evidence of a prior case where such conduct was penalized in the manner suggested by the defendant, as opposed to requiring such evidence. *See Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1215 (9th Cir. 2013). Regardless, no such evidence has been provided in this case.

Should the Court conclude that the New Mexico statute is overbroad, it would have to look to the judicially noticeable documents to determine what conduct Defendant admitted to. Based on the documents provided, there are no facts contained within the plea agreement that clarify Defendant's specific criminal conduct.

While there is no binding precedent for the Court to consider, and although the Ninth Circuit's view of the requirements set forth in *Moncrieffe* differ from those set forth by other circuits, the defense has not provided evidence of a prior case where a defendant was convicted of Aggravated Assault (Deadly Weapon) for using insulting language toward another, or even a hypothetical explaining how such a conviction could occur. As such, the objection should be overruled.

## **SENTENCING RECOMMENDATION**

Notwithstanding the foregoing, the government requests that the Court accept the parties' plea agreement and sentence Defendant accordingly, as such a sentence is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing under 18 U.S.C. § 3553(a). The factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed:
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Upon examining the factors set forth in § 3553(a), a sentence of 33 months' imprisonment constitutes a fair and just sentence that is sufficient but not greater than necessary to satisfy those factors. The government therefore asks the Court to grant a variance sufficient to sentence Defendant consistent with the government's recommendation.

There is no question that Defendant committed violent offenses in 2011. Since that time, however, any charged instances of violence appear to have occurred out of a misplaced desire to assist his family in times of trouble. In the instant case, he sought to help a family member who claimed the victim had committed acts of domestic violence against her. At the time of the crime, the victim was also a convicted child sex offender who was alone with that family member's two minor children. Other conduct referenced in the draft PSR relate to an instance where he was called to a relative's house to help break up a fight. His actions, while clearly criminal, show substantially different motivations than those seen in other cases.

The government did not realize that the Defendant's criminal history would result in him being a career offender at the time it offered the plea. Nonetheless, given the facts of this case, as well as considering that virtually all of the government's witnesses are aligned with Defendant, the government submits that the proposed plea agreement is fair and just under the circumstances.

Respectfully submitted this 9th day of November, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Christine D. Keller*
CHRISTINE D. KELLER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Jane McClellan

*s/ Denise Trimble*
Denise Trimble