JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

JANE L. McCLELLAN, #015902
Asst. Federal Public Defender
jane_mcclellan@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>　　vs.<br>Brandon Lee Curley,<br>　　　　Defendant. | No. CR-18-08132-PCT-DJH<br>**MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM** |

Defendant Brandon Curley, by and through undersigned counsel, hereby submits the following motion for downward variance and sentencing memorandum. Defendant has filed an objection to the draft presentence report. If that objection is sustained, then a downward variance is not necessary. Defendant pleaded guilty to the offense of Assault with a Deadly Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3). Sentencing in this matter is scheduled for November 26, 2018.

**I.    Defendant's Background**

Brandon Lee Curley is 26 years old. He is a member of the Navajo Nation and has lived on the Navajo Nation Indian Reservation for most of his life. He never had a close relationship with his father, but he is close to his mother and sister. He reported that he was exposed to drug and alcohol abuse in his extended family and

the community as he was growing up. He has one child, age two. He is engaged to Sandra Begay who remains supportive.

Mr. Curley left school in his freshman year and does not have his GED. His employment history includes work as a manual laborer and at fast-food restaurants. Mr. Curley has some history of mental health issues that have probably not been addressed adequately in the past. He reports that he was diagnosed with depression and bi-polar disorder. He has sometimes been prescribed psychiatric medication, but he does not like the side effects and has not consistently taken medication. He is not currently taking any psychiatric medication. In the future, he would benefit from a mental health assessment and treatment if needed. He has a detached retina that requires surgical treatment or he may lose sight in his left eye. He also has hepatitis C. He has a history of alcohol abuse. In 2011, he began abusing heroin and methamphetamine, and his drug abuse continued while in state prison. Defendant recognizes that he has a substance abuse problem, and he is amenable to treatment.

## II.  A Reasonable Sentence

The presentence report has concluded that Mr. Curley is a career offender, and thus his criminal history category was increased from Category III to Category VI, and his offense level was increased from an adjusted level of 16 to level 21. As a result of the career-offender increases, the recommended guideline range is 77 to 96 months. Defendant has filed an objection to the application of the career offender enhancement. Without the enhancement, the recommended guideline range would be 27 to 33 months. The parties have entered into a plea agreement that caps the sentence at 33 months. Defendant respectfully suggests that the appropriate sentence is 33 months of imprisonment.

The application of the career offender enhancement is based on two prior convictions involving incidents that happened approximately one month apart – one on July 19, 2011, and one on August 29, 2011. *See* Presentence Report at ¶¶ 27 and 28. Mr. Curley was only 19 years old at the time he committed these offenses. He has no other countable criminal history. Defendant submits that application of the career offender enhancement for these convictions over-represents his criminal history and the seriousness of the instant offense. The career offender guideline has been highly criticized, and most defendants who are subject to the career offender guideline are sentenced below the recommended range. *See Deconstructing the Career Offender Guideline*, by Amy Baron-Evans, Jennifer Coffin, and Sara Noon, National Federal Defender Sentencing Resource Counsel, at http://www.fd.org/odstb_SentDECON.htm (for example, in 2011, only 33.9 % of offenders subject to the career-offender guideline were sentenced within the range).

Defendant submits that a sentence of 33 months is a substantial sentence that is sufficient but not longer than necessary. Defendant was exposed to more drug abuse while in the New Mexico correctional system. Clearly, his assaultive behavior is related to his alcohol and drug abuse. Defendant needs extensive substance abuse treatment and mental health treatment that he can only get while on supervised release. A sentence of 33 months is a sufficient punishment for the conduct, and the term of supervised release that will follow will address his other issues. For these reasons, Defendant recommends that the Court grant a downward variance if it does not sustain Defendant's objection to the presentence report.

/ / /

### III. Conclusion

For the foregoing reasons, Defendant respectfully recommends that the Court impose a sentence of 33 months of imprisonment followed by 3 years of supervised release.

Respectfully submitted: November 15, 2018.

JON M. SANDS
Federal Public Defender

 *s/Jane L. McClellan*
JANE L. McCLELLAN
Asst. Federal Public Defender

Copy of the foregoing transmitted
by ECF for filing November 15, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Christine Keller
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408

Copy mailed to:

Darren Streich
U.S. Probation Officer


Brandon Curley
Defendant

　*s/kl*